UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM THOMAS SPANO,   Civil Action No.: 19-11804
                    Honorable Gershwin A. Drain
       Plaintiff,   Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2]**

Plaintiff Adam Thomas Spano has filed a complaint and an application to proceed *in forma pauperis*. [ECF No. 1, 2].[1] His application to proceed *in forma pauperis* should be **DENIED**, and he should be required to pay the filing fee in this matter.

28 U.S.C. § 1915(a) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." When

---

[1] The case has been referred to this Court under 28 U.S.C. § 636(b)(1). [ECF No. 3].

reviewing an IFP application, courts consider the applicant's employment status, annual salary, assets (including real estate and automobiles), and financial resources available from the claimant's spouse (if any). *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015). "An affidavit to proceed IFP is sufficient if it states that one cannot, because of poverty, afford to pay for costs of litigation and still provide the litigant and his or her family the necessities of life." *Id.* Courts deny IFP applications when applicants have assets or income that exceed the cost of filing the complaint. *Beres v. Comm'r of Soc. Sec. Admin.*, No. 1:14CV01448, 2014 WL 3924634, at *2 (N.D. Ohio Aug. 11, 2014) (collecting cases).

  Here, Spano's IFP application failed to answer any of the questions about "Other Income." [ECF No. 2, PageID.14]. And the answers he does provide suggest that his assets easily exceed the $350 filing fee. 28 U.S.C. § 1914(a). Spano states that he has "approximately $1,400.00" in cash or in a checking or savings account, and that he owns a vehicle worth $12,000 and a home worth $150,000. [*Id.* at PageID.15]. Spano's "access to court is not blocked by his financial condition, but rather he is properly in the position of having to weigh the financial constraints posed by pursuing his complaint against the merits of his claims." *Carroll*, 2015 WL 404105,

at *3

Because Spano's IFP form is incomplete and because he has sufficient assets to pay the filing fee, the Court thus **RECOMMENDS** that Spano's application be **DENIED**.


Dated: June 28, 2019　　　　　　　s/ Elizabeth A. Stafford
Detroit, Michigan　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　United States Magistrate Judge

### **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 28, 2019.

s/Karri Sandusky on behalf of
MARLENA WILLIAMS
Case Manager
